JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Sadek

**DEFENDANTS**
Abba Horovitz, AK Management Ltd., and Old School Partners

(b) County of Residence of First Listed Plaintiff: **Bergen**
County of Residence of First Listed Defendant: _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Cozen O'Connor
457 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002-2220

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Maury Kelman, Esquire

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☒ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Diversity - breach of stockholder agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 4/30/10
SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SADEK,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ABBA HOROVITZ,<br>AK MANAGEMENT LTD., and<br>OLD SCHOOL PARTNERS,<br><br>　　　Defendants. | CIVIL ACTION NO.<br><br><br><br>JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

Plaintiff, David Sadek ("Plaintiff"), by and through his attorneys, Cozen O'Connor, brings the following action against Defendants Abba Horovitz ("Horovitz"), AK Management Ltd. ("AK Management"), and Old School Partners ("Old School Partners" or "Fund") and states the following in support thereof:

### NATURE OF THE ACTION

1. This is an action for monetary damages and an accounting for the past and continuing breaches of a stockholder agreement by Defendants Horovitz, AK Management and tortious interference by Old School Partners. Based on representations and promises made by Horovitz, Plaintiff entered into a stockholder agreement to create an investment management company, AK Management, which was created specifically to manage a private equity investment fund created and operated by Horovitz. That private equity investment fund is now known as Old School Partners.

2. Plaintiff funded the start-up costs for AK Management in return for a 20% stake in the company, which earned its profits by receiving from Old School Partners a management

fee of .25% of its net asset value per quarter, plus a 20% share of any gains by Old School Partners in a particular quarter. Plaintiff was responsible only for funding the start-up costs of AK Management, while Horovitz was in charge of its operation.

3. From 1999 to 2006, Plaintiff received distributions from Horowitz which purported to represent his 20% share in AK Management's profits. Since 2006, Plaintiff has not received a distribution from Horovitz. Moreover, Horowitz, sole operator of both AK Management and Old School Partners, has (1) refused to provide Plaintiff with any details or documentation regarding the performance of either AK Management or Old School Partners, (2) refused Plaintiff's requests for an inspection of the AK Management's financial records in direction violation of the applicable stockholder agreement and (3) has refused to disburse the profits of AK Management under the terms of the stockholder agreement.

4. Despite knowledge of Plaintiff's contractual entitlement to 20% of AK Management's profits, Horovitz, has used Old School Partners to improperly interfere with Plaintiff's rights under the stockholder agreement for his own pecuniary gain by ceasing all payments to AK Management in order to circumvent AK Management's contractual obligations to Plaintiff.

5. In late 2009, Plaintiff contacted Horovitz and requested an explanation as to why the disbursements ceased, as well as an inspection of AK Management's records. Horovitz refused. He first claimed that there were no profits, and when pressed by Plaintiff, he then disclaimed any relationship with Plaintiff.

6. Despite telling Plaintiff that AK Management had no profits due to the supposedly poor performance of Old School Partners, Horovitz claims on the Old School

Partners' website that Old School Partners holds roughly $60 million in its portfolio, and that it has provided "consistent and superior returns for its investors since the funds inception." Shortly after Plaintiff pointed this inconsistency out to Horovitz, the Old School Partners website was pulled, and it is now a dead link.

7. By this Complaint, Plaintiff seeks an Order to compel an inspection and examination of AK Management Ltd.'s books of account, minute books, stock transfer books and all other books of record, and awarding him his monetary damages for Horovitz and AK Management's breaches of contract, Old School Partners' tortious interference and for Horovitz's breaches of his fiduciary duties to Plaintiff.

### PARTIES

8. Plaintiff, David Sadek is an adult individual and a citizen of New Jersey who resides at 100 Old Palisade Road, Unit 3305, Fort Lee, NJ 07024.

9. Upon information and belief, Defendant Abba Horovitz is an adult individual and a citizen of Israel currently residing at 4 Halivonah Street, Hashmoniam, 73127, Israel.

10. Upon information and belief, AK Management is a corporation organized and existing under the laws of the Isle of Man with a principal place of business located in the Isle of Man.

11. Upon information and belief Old School Partners is a private equity investment fund with a place of business at 570 Lexington Ave., New York, New York 10022.

## JURISDICTION AND VENUE

12. Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

13. Venue in this action is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(a)(2), (d), as the claim arose in this district and defendants are aliens.

## BACKGROUND

14. Horovitz is a professional money manager with many years of experience in the investment industry. Horovitz has many business connections with New Jersey, and has, on numerous occasions, solicited investments from residents of both New Jersey and New York through his private investment fund, the Old School Partners, which has a business location at 570 Lexington Ave., New York, New York 10022.

15. In 1998, Horovitz approached Plaintiff about creating a new investment management company which would manage a private investment fund made up of U.S. small to mid-cap stocks and be funded primarily by U.S. investors.

16. Horovitz informed Plaintiff that if Plaintiff funded the start-up costs, he would become a 20% stockholder in the company. Further, the start up costs would be considered a loan and be repaid prior to any distribution of profits.

17. The negotiations between Plaintiff and Horovitz were conducted in Bergen County, New Jersey.

**The Stockholder Agreement Creating AK Management**

18. On December 2, 1998, a stockholder agreement (the "Stockholder Agreement") was executed by and among Plaintiff, Horovitz and a third individual, Yakov Kruger (also referred to as "Jacob"), to create AK Capital Ltd. (now known as "AK Management Ltd."), a British Virgin Islands corporation which was created expressly to serve as the investment manager to YAHK Capital Ltd. (now known as "Old School Partners"), a private investment fund. See Stockholder Agreement, attached hereto as Exhibit "A." The Stockholder Agreement was executed in parts in New Jersey and Israel.

19. Having paid AK Management's initial start up costs totaling approximately $150,000, Plaintiff became a 20% stockholder in AK Management. See Exhibit "A," at Section 2. Horovitz received the other 55% of the shares and Yakov Kruger, the remaining 25%. Id.

20. Old School Partners is an private equity investment fund specializing in small to mid-cap United States equities. It is owned and operated exclusively by Horovitz.

21. AK Management generates income in two ways. First, as stated in the Old School Partners' Subscription Agreement, which all investors in the fund must sign, Old School Partners pays AK Management a management fee of .25% of the fund's net asset value per quarter. See Subscription Agreement, attached hereto as Exhibit "B." Second, AK Management earns an incentive fee, which equals 20% of the gains obtained by Old School Partners in a particular quarter under AK Management's guidance. Id.

22. AK Management is operated and managed exclusively by Horovitz, acting as president. See Exhibit "A," at Section 4.

5

23. Pursuant to Section 4(h) of the Stockholder Agreement, Horovitz, as president and sole operator of AK Management, is required to keep full and faithful books of account, as well as permit inspection and examination of AK Management's finances by all stockholders. See Exhibit "A," at Section 4. Section 4(h) provides:

> The Corporation shall keep full and faithful books of account, in which shall be entered fully and accurately each and every transaction of the Corporation. All of said books of account, as well as the minute books, stock transfer books and all other books of record of the Corporation shall be at all times open to the inspection and examination of the Stockholders of their duly authorized representatives.

24. Further, pursuant to Section 7 of the Stockholder Agreement, any stockholder seeking to sell his shares was required to notify and offer those shares to the corporation and Plaintiff under the rights of refusal provisions. See Exhibit "A," at Section 7.

25. As a 20% stockholder in AK Management, Plaintiff has been entitled to quarterly disbursements consisting of 20% of AK Management's performance-based compensation from Old School Partners, in addition to his 20% share of the .25% management fee.

26. From 2000 through 2006, Plaintiff received quarterly profit distributions from AK Management based on his 20% ownership, in amounts ranging up to, and at times, in excess of, $100,000 per quarter. Financial statements did not accompany these checks. General audited financials, which were given to all investors, were provided once a year to Plaintiff during this period. However, to date, Plaintiff has never received his share of the management fee.

**Plaintiff Refuses to Relinquish his Rights to Horovitz and Horovitz Cuts Off All Distributions**

27. On or about June 12, 2000, Plaintiff was informed that Horovitz had unilaterally changed the name of the AK Capital Ltd. to AK Management Ltd., and moved AK Management

from the British Virgin Islands to the Isle of Man. See June 12, 2000 letter, attached hereto as Exhibit "C." Plaintiff was assured that his "20% shareholding remain[ed] intact and [was] not in any way affected." Id.

28. On or about September 15, 2005, Plaintiff was notified that on April 8, 2005, Horovitz had changed the name of YAHK Capital Ltd., to Old School Partners Fund, Ltd. See September 15, 2005 letter, attached hereto as Exhibit "D."

29. Horovitz assured Plaintiff that these changes were a technicality and that nothing had changed regarding Plaintiff's rights to receive his 20% share of profits and management fee from AK Management.

30. In late 2006, however, Horovitz informed Plaintiff that he no longer considered Plaintiff entitled to a 20% share in the profits of AK Management. Horovitz advised Plaintiff that because Plaintiff was not involved in the day to day management of AK Management, Horovitz deemed him unworthy of his 20%.

31. Horovitz thus traveled to the United States and met with Plaintiff at his residence in New Jersey in an attempt to convince Plaintiff to relinquish his 20% ownership in AK Management in exchange for a lower amount. Plaintiff refused.

32. Subsequently, both the quarterly disbursements and financial statements from Horovitz and AK Management ceased without explanation.

### Horovitz Refuses Plaintiff's Requests for Information and Disclaims any Relationship with Him

33.     Plaintiff was troubled by this but hoped that this was simply the result of the AK Management and Old School Partners having a down year.  Plaintiff therefore asked Horovitz to provide documentation of AK Management's performance and finances.

34.     Horovitz ignored this request for information.

35.     Plaintiff received no disbursements in 2007.

36.     Plaintiff again asked Horovitz to provide him with documentation and information regarding AK Management's performance but Horovitz refused, without explanation.

37.     Plaintiff received no disbursements in 2008.

38.     The lack of disbursements was troubling to Plaintiff, given that Horovitz had been publicizing his consistent gains in the market.  Indeed, on the Old School Partners' website, www.oldschoolfund.com, Horovitz boasted that his "time-tested methods have resulted in consistent, superior returns since the Fund's inception in 1999."  See copy of website page, attached hereto as Exhibit "E."

39.     On July 23, 2008, Seeking Alpha, a financial news website, published an interview with Horovitz which he stated, in pertinent part:

> **Q. Tell us a little about yourself and your fund.**
>
> **Abba Horwitz, Portfolio Manager:** We started started [sic] Old School Partners in March of 1999.  Since then, we've compounded a net return to investors of around 19%.  We're running the fund

> for the most part from Israel. With a junior partner, I'm managing roughly $60 million.

See seekingalpha.com, Interview with Abba Horwitz, Old School Partners, http://seekingalpha.com/article/86183-interview-with-abba-horwitz-old-school-partners (last visited March 10, 2010), attached hereto as Exhibit "F."

40. On February 18, 2009, Plaintiff received an e-mail from Horovitz's legal counsel asking Plaintiff to sign a form giving Horovitz Power of Attorney over AK Management. See 2/18/09 e-mail, attached hereto as Exhibit "G." Unsure of Horovitz's intentions, Plaintiff did not sign this form.

41. On August 1, 2009, not having received any disbursements or financial statements for nearly three years, Plaintiff asked Horovitz by email whether there would be any disbursements in 2009. See 8/1/09, 8/11/09 e-mail, attached hereto as Exhibit "H."

42. Horovitz responded, simply stating that "There are no disbursements." See 8/12/09 e-mail, attached hereto as Exhibit "I." Plaintiff sent several follow up e-mails asking for more information. On August 27, 2009, Plaintiff sent Horovitz an e-mail again requesting information and a response. See 8/27/09 e-mail, attached hereto as Exhibit "J."

43. Horovitz ignored the August 27th email.

44. Therefore, on September 15, 2009, Plaintiff sent another e-mail to Horovitz, advising that:

> Abba:
>
> I have now retained counsel to pursue the matter. As previously noted, this will just cause additional costs and AGMUS to get what I'm entitled to anyhow. In addition, not only will the law firm

9

> seek to obtain info on current profits and expenses, they will do so for all previous years.
>
> This is a waste of time. However, by not responding and providing documentation showing true disclosure and transparency despite repeated requests, you have left me no choice.
>
> Nevertheless, I wish you and your family a Ksiva Vchasima Tovah.
>
> Your former friend,
>
> David

See 9/15/09 e-mail, attached hereto as Exhibit "K."

45. On September 16, 2009, Horovitz responded, but did not address the substance of Plaintiff's inquiry. Rather, Horowitz stated in an email that "I have been very busy in getting to breakevn [sic] after a horrible 2008. I have no idea what you are talking about and have no idea why you hired counsel." See 9/16/09 e-mail, attached hereto as Exhibit "L."

46. On October 13, 2009, counsel for Plaintiff sent a letter to Horovitz invoking Plaintiff's rights to inspect AK Management's books and records. That letter read in pertinent part:

> Accordingly, Mr. Sadek invokes his right, under both the applicable law and the AK Management Stockholders' Agreement, to inspect the books of account of AK Management, which reflect every transaction of the company. As soon as possible, please forward to me copies of AK Management's books of account for the first, second, and third quarters of 2009, as well as a copy of the documents setting forth the terms of AK Management's compensation by YAHK Capital. While Mr. Sadek is eager to make such an inspection for the last several years of the company's existence, he has agreed to limit his request to 2009, for the time being, in the hope of regaining comfort without additional disruption and expense to all involved.

See 10/13/09 letter, attached hereto as Exhibit "M."

47.    Having received no adequate response from Horovitz on the initial request, counsel sent another letter on November 9, 2009, requesting a response from Horovitz regarding the October 13, 2009 request for inspection of AK Management's financial records. See 11/9/09 letter, attached hereto as Exhibit "N."

48.    Horovitz finally responded by email on November 10, 2009. Although he had claimed only less than two months before that the lack of distributions to Plaintiff were the result of a "horrible 2008," Horovitz stated that "David Sadek and I have no relationship and have no idea what he is talking about." See 11/10/09 e-mail, attached hereto as Exhibit "O."

49.    Shortly after being advised by Plaintiff that he intended to bring suit, Horovitz took down the Old School Partners website. As of the date of this filing, www.oldschoolfund.com is a dead link.

### COUNT I – ACCOUNTING
### (Against Horovitz and AK Management)

50.    The allegations in paragraphs 1 through 49 are incorporated herein as if fully set forth below.

51.    The Stockholder Agreement is valid and enforceable.

52.    Pursuant to Section 4(h) of the Stockholder Agreement, Plaintiff had the right "at all times" to inspect and examine the books and records of the Corporation.

53.    Horovitz, as principal and sole operator of AK Management, was required to maintain full financial records, and permit other stockholders to exercise their right to inspection.

54. Despite Plaintiff's repeated requests for inspection, Horovitz has refused to provide any documents regarding the financial performance of AK Management.

55. Horovitz alone has possession of AK Management's financial records and consequently it is impossible to determine the amount of owed to Plaintiff without a financial accounting.

56. As a stockholder, Plaintiff is entitled to an inspection and examination of AK Management's books of account, minute books, stock transfer books and all other books of record.

### COUNT II – BREACH OF FIDUCIARY DUTY
### (Against Horovitz)

57. The allegations in paragraphs 1 through 56 are incorporated herein as if fully set forth below.

58. Horovitz is the majority stockholder, president, and sole operator of AK Management with Plaintiff holding a minority share.

59. In a closely-held corporation, a fiduciary relationship exists between stockholders, which imposes a duty of good faith on the majority stockholder to at all times to act fairly, honestly, diligently, competently, and in an open and honest manner toward minority stockholders. Inherent in that trust is the duty to advise minority stockholders fully, frankly and truthfully of all material and significant information.

60. At all relevant times, Horovitz owed Plaintiff a fiduciary duty to act fairly, honestly, diligently, competently, and in an open and honest manner.

61. Horovitz breached his fiduciary obligations to Plaintiff by the conduct set forth above. Horovitz's conduct was willful and knowing.

62. As a direct and proximate result of Horovitz's breach of fiduciary duty, Plaintiff has suffered monetary damages.

### COUNT III – BREACH OF STOCKHOLDER AGREEMENT
### (Against Horovitz and AK Management)

63. The allegations in paragraphs 1 through 62 are incorporated herein as if fully set forth below.

64. The Stockholder Agreement is valid and enforceable.

65. Plaintiff has performed all of his obligations under the Stockholder Agreement.

66. Plaintiff paid AK Management's initial start up costs totaling approximately $150,000, which were to be repaid prior to any distribution of profits. Only $120,000 was repaid to Plaintiff.

67. Horovitz's continuing refusal to permit inspection and examination of AK Management's books of account, minute books, stock transfer books and all other books of record, as well as his failure to make quarterly stockholder distributions and management fee payments pursuant to the terms of the Stockholder Agreement constitutes a breach of his contractual obligations.

68. As a direct and proximate result of these breaches, Plaintiff has suffered substantial damages and a loss of profits.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Against Old School Partners)

69. The allegations in paragraphs 1 through 68 are incorporated herein as if fully set forth below.

70. As more fully set forth above, Plaintiff maintains an existing contractual relation with AK Management, entitling Plaintiff to quarterly disbursements consisting of 20% of AK Management's performance-based compensation from Old School Partners, in addition to his share of the .25% management fee.

71. Old School Partners, operated solely by Horovitz, was aware of each of AK Management's contractual obligations and the importance of the timely fulfillment of its contractual obligations to Plaintiff.

72. Despite knowledge of Plaintiff's contractual relationship with AK Management, Old School Partners, through Horovitz, improperly, intentionally, maliciously, willfully, wantonly, recklessly and/or negligently interfered with such contract for its own pecuniary gain by, among other things, inducing, conspiring, and/or coordinating with AK Management to withhold all disbursements and financial statements due to Plaintiff under the Stockholder Agreement.

73. Old School Partners' tortious interference with Plaintiff's contractual relations was done without any privilege or other justification by Old School Partners.

74. As a proximate result of Old School Partners' tortious interference with Plaintiff's contractual relationships, Plaintiff has suffered substantial damages and a loss of profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Sadek respectfully prays for relief and judgment as follows:

    A.    For all Counts, that this Court enter judgment in Plaintiff's favor and against Defendants Abba Horovitz, AK Management Ltd., and Old School Partners;

    B.    For Count I, an inspection and examination of AK Management Ltd.'s books of account, minute books, stock transfer books and all other books of record;

    C.    For Counts II, III and IV, an award of damages in excess of $75,000, plus interest;

    D.    For all Counts, awarding Plaintiff reasonable attorney fees and costs associated with the prosecution of this action; and

    E.    For all equitable remedies and for such other relief as the Court may deem just and proper.

Respectfully submitted,

BY: _____
Robert D. Lee, Esq.
COZEN O'CONNOR
457 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002-2220
(856) 910-5000
Attorney for Plaintiff,
David Sadek

Date: April 30, 2010

## **VERIFICATION**

I, David Sadek, aver that I am the 20% stockholder in AK Management Ltd; that the allegations contained in the foregoing Verified Complaint and Jury Demand are true and correct to the best of my knowledge, information and belief; and that I am subject to punishment for knowingly making false statements to authorities.

_____
David Sadek